### BENSON v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. November 8, 1907.)

No. 1,371 (1,725).

1. CUSTOMS DUTIES—CLASSIFICATION—APPETIT-SILD—HERRING IN TINS.

Herring called appetit-sild or appetit-herring, in tins, but not "known or labeled as anchovies, sardines, sprats, brislings, sardels or sardellen, packed in * * * tin boxes or cans," are not dutiable under such enumeration in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 258, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1650], but are within the provision in the same paragraph for "all other fish * * * in tin packages."

2. SAME—"FISH IN TINS"—FISH SKINNED—HERRINGS.

Herring in tins, which have been pickled, salted, skinned, or boned, are dutiable as "fish * * * in tin packages," under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 258, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1650], rather than as "herrings, pickled or salted," or as "fish, skinned or boned," under paragraphs 260, 261, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651]. The fact of importation in tins controls over the other conditions set forth in the two latter paragraphs.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

There was no opinion below. The Circuit Court affirmed 21 decisions by the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of Chicago on importations by C. L. Benson.

Hatch & Clute (J. Stuart Tompkins, of counsel), for the importer.
Francis G. Hanchett (Edwin W. Sims, U. S. Atty., on the brief), Asst. U. S. Atty.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

PER CURIAM. The importer, Benson, appeals from a decree of the Circuit Court affirming the classification of several varieties of fish for payment of duties under the tariff act of 1897, as fixed by the collector and affirmed by the Board of General Appraisers. The importations in question are of three general classes, as designated in the record and briefs, namely (1) appetit-sild and appetit-herring; (2) fresh mackerel; and (3) curled fillets, gaffelbitar, marinated herrings, kryd-

sild, etc. And the provisions of the tariff act involving the inquiry are paragraphs 258, 260, and 261, Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, pp. 1650, 1651], reading as follows:

"258. Fish known or labeled as anchovies, sardines, sprats, brislings, sardels, or sardellen, packed in oil or otherwise, in bottles, jars, tin boxes or cans, shall be dutiable as follows: When in packages containing seven and one-half cubic inches or less, one and one-half cents per bottle, jar, box or can; containing more than seven and one-half and not more than twenty-one cubic inches, two and one-half cents per bottle, jar, box or can; containing more than twenty-one and not more than thirty-three cubic inches, five cents per bottle, jar, box or can; containing more than thirty-three and not more than seventy cubic inches, ten cents per bottle, jar, box or can; if in other packages, forty per centum ad valorem. All other fish (except shellfish), in tin packages, thirty per centum ad valorem; fish in packages containing less than one-half barrel, and not specially provided for in this act, thirty per centum ad valorem."

"260. Herrings, pickled or salted, one-half of one cent per pound; herrings, fresh, one-fourth of one cent per pound."

"261. Fish, fresh, smoked, dried, salted, pickled, frozen, packed in ice or otherwise prepared for preservation, not specially provided for in this act, three-fourths of one cent per pound; fish, skinned or boned, one and one-fourth cents per pound; mackerel, halibut or salmon, pickled or salted, one cent per pound."

Hearing arose upon review of the return of the Board of Appraisers, with the protests, reports, and evidence before them, together with additional testimony reported to the court below upon reference.

1. Appetit-sild. The importations called appetit-sild and appetit-herring were classified for duty by the rulings and decree, under the initial classification of paragraph 258, as "fish known or labeled as anchovies, sprats, brislings, sardels, or sardellen, packed," etc., at the rates specified for such varieties according to the size of tins. It was claimed in the protest and is contended here on behalf of the importers that they were entitled to be assessed under the subsequent provisions— either under the concluding general terms of paragraph 258 as "other fish (except shellfish), in tin packages, thirty per centum ad valorem," or under paragraph 260 or 261. The evidence is undisputed that these importations were from Norway; that they were put up in tin packages and labeled appetit-sild; that "sild" in the Norwegian language is synonymous with "herring"; that appetit-sild is and was prior to the enactment in question known to the trade and labeled under that name, in the form of the importation, and neither known nor labeled under either of the names designated in the first-mentioned classification of paragraph 258; that the packages so named consist of small herring, skinned and boned, pickled and spiced, and so prepared have been known and marketed exclusively as appetit-sild or appetit-herring.

Under the facts thus appearing the present case is clearly distinguishable from Reiss v. United States (C. C.) 113 Fed. 1001, in reference to an importation of "appetit-sild," as the opinion there expressly rests its adoption of a classification upon the appraiser's finding that "the contents of the boxes is 'fish known as anchovies,'" with "no evidence in the case one way or the other to contradict this finding"; and neither that authority, nor others adopting its view, cited in support of

the rulings below, are applicable here as precedents. It is the settled rule of construction, in fixing the classification of goods for the payment of tariff duties, not only that the intent must be found in the language used in the statute, but that the name or designation applied "is to be understood in its commercial sense," and the denomination of the goods "in the market when the law was passed will control their classification, without regard to their scientific designation, the material of which they may be made, or the use to which they may be applied." American Net & Twine Company v. Worthington, 141 U. S. 468, 471, 12 Sup. Ct. 55, 35 L. Ed. 821; Hedden v. Richard, 149 U. S. 346, 348, 13 Sup. Ct. 891, 37 L. Ed. 763; United States v. Goldenberg, 168 U. S. 95, 102, 18 Sup. Ct. 3, 42 L. Ed. 394. The terms of the first-mentioned provision of paragraph 258 are limited to "fish known or labeled," either as anchovies or as one of the other varieties specified, with no mention of appetit-sild or appetit-herring. So the evidence of their special name and label in the market, and that they were known under such designation and not under either of the statutory terms, clearly excludes them, as we believe, from classification thereunder, in view of the subsequent provisions for other varieties. We are of opinion that the importation in question is within the intent and description of the concluding provision of paragraph 258, as "other fish (except shellfish), in tin packages," and not within paragraphs 260 and 261 under the rule above stated, and that the decree must be modified accordingly.

2. Fresh mackerel. The objections to the assessment of "fresh mackerel in tin packages," as included in the last clause of paragraph 258, above referred to, were withdrawn on behalf of the appellant, upon submission of his appeal, and thus require no further consideration.

3. Curled fillets, gaffelbitar, etc. In the classification complained of for importations of this third variety—all composed of herring—the last above-mentioned terms of paragraphs 258 were likewise applied for assessing duties, for the reason that each was "in tin packages," while the importer claims that they are dutiable either under paragraph 260 as "herrings, pickled or salted," or paragraph 261 as "fish, skinned or boned," being within the letter of both descriptions. The fact, however, that each is imported in tin packages is the controlling element, as we believe, and authorizes the interpretation adopted by the decree. The ad valorem duty imposed by paragraph 258 for "other fish" extends only to goods "in tin packages," while the fish subject to the specific duties of paragraphs 260 and 261 are not so limited, implying other forms of packages. Thus the legislative intent appears to require the ad valorem and higher duty when imported in tin, as well defined in Kauffmann Brothers v. United States (C. C.) 99 Fed. 430, approving the cognate ruling in Re Johnson (C. C.) 56 Fed. 822.

The decree is affirmed as to the two last-mentioned importations, and reversed as to the first, with direction to modify in conformity with the opinion.